**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| MICHAEL HART and<br>HARRISON F. COERVER, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and PETER BRIAN HEGSETH, in his official capacity as Secretary of Defense,<br><br>Defendants. | ) | Civil Action No. _______________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**(Article I War Powers & 50 U.S.C. § 1544(b) & (c))**

Plaintiffs MICHAEL HART and HARRISON F. COERVER, JR., by and through counsel, for their Complaint against Defendants Donald J. Trump, in his official capacity as President of the United States, and Peter Brian Hegseth, in his official capacity as Secretary of Defense, respectfully allege as follows:

## I. NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief to enforce the separation of powers established by Article I, Section 8, Clause 11 of the United States Constitution (Usurpation of Exclusive Congressional War Declaration Power) and the statutory commands of the War Powers Resolution of 1973 (50 U.S.C. §§ 1541–1548).

2. Plaintiffs challenge Defendants' unilateral, unprovoked initiation and ongoing prosecution of offensive military strikes and hostilities against the Islamic Republic of Iran without prior declaration of war, statutory authorization, or national emergency created by an attack upon the United States.

3. Hostilities against Iran have exceeded the mandatory 60-day statutory limitation under 50 U.S.C. § 1544(b). Furthermore, on June 23, 2026, both chambers of Congress successfully approved a concurrent War Powers resolution (H.Con.Res. 86) pursuant to Section 5(c) of the War Powers Resolution (50 U.S.C. § 1544(c)), ordering the removal of U.S. forces. Defendants have refused to comply, dismissing Congressional disapproval as nonbinding, and have continued active combat operations and naval blockades in direct violation of statutory and constitutional mandates.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act), and 5 U.S.C. § 702 (Administrative Procedure Act waiver of sovereign immunity and non-statutory ultra vires review).

5. Venue is proper in the Eastern District of Kentucky (Lexington Division) pursuant to 28 U.S.C. § 1391(e)(1)(C) because Plaintiff Michael Hart is a citizen and resident of Lexington, Fayette County, Kentucky, located within this judicial district, no real property is involved in this action, and Defendants are officers of the United States sued in their official capacities.

6. Scope of Relief Available Against Official-Capacity Defendants: Plaintiffs seek declaratory relief against Defendant President Donald J. Trump and Defendant Secretary of

Defense Peter Brian Hegseth pursuant to 28 U.S.C. §§ 2201–2202. To respect separation-of-powers principles regarding direct coercive injunctive orders against the Chief Executive under *Franklin v. Massachusetts*, 505 U.S. 788 (1992) and *Mississippi v. Johnson*, 71 U.S. 475 (1866), Plaintiffs direct their coercive injunctive prayer to Defendant Secretary of Defense Peter Brian Hegseth and subordinate military officers pursuant to 5 U.S.C. § 702 and non-statutory ultra vires review, restraining the operational execution of military deployment orders and the expenditure of public funds.

## III. PARTIES

7. Plaintiff MICHAEL HART is an individual citizen of the United States, 77 years of age, and a resident of Lexington, Fayette County, Kentucky, located within the Eastern District of Kentucky.

8. Plaintiff HARRISON F. COERVER, JR. is an individual citizen of the United States, 76 years of age, and a resident of the State of Florida.

9. Defendant DONALD J. TRUMP is the President of the United States and is sued in his official capacity. His official office is located at The White House, 1600 Pennsylvania Avenue NW, Washington, DC 20500.

10. Defendant PETER BRIAN HEGSETH is the Secretary of Defense, head of the Department of Defense under 5 U.S.C. § 551(1), and directs the operational military chain of command pursuant to 10 U.S.C. § 162. He is sued in his official capacity. His official office is located at 1000 Defense Pentagon, Washington, DC 20301.

## IV. STATEMENT OF FACTS

11. Under Article I, Section 8, Clause 11 of the Constitution, the power to declare war is vested exclusively in Congress.

12. In enacting the War Powers Resolution of 1973 over a presidential veto, Congress established in 50 U.S.C. § 1541(c) that the constitutional powers of the President as Commander-in-Chief to introduce U.S. Armed Forces into hostilities are exercised only pursuant to (1) a declaration of war, (2) specific statutory authorization, or (3) a national emergency created by attack upon the United States, its territories or possessions, or its armed forces.

13. From January 2026 through late February 2026, Defendant President Donald J. Trump oversaw a massive, deliberate military buildup in the Persian Gulf and Middle Eastern theater, deploying aircraft carrier strike groups, strategic bomber squadrons, and thousands of additional combat personnel to the region.

14. This multi-week, deliberate force posture expansion demonstrates that the military actions initiated on February 28, 2026, were planned far in advance and were not a sudden, unforeseen defensive reaction to an instantaneous national emergency under 50 U.S.C. § 1541(c).

15. Despite having ample opportunity during the two-month January-to-February buildup to consult with Congress pursuant to 50 U.S.C. § 1542, President Trump initiated offensive air strikes and combat operations against Iran on February 28, 2026, without congressional consultation.

16. On March 2, 2026, Defendant President Donald J. Trump submitted a written notification letter to Congress reporting the February 28 strikes consistent with the War Powers

Resolution, but failed to identify any declaration of war or statutory authorization enacted by Congress.

17. Following a brief April 7, 2026 ceasefire while maintaining a naval blockade of the Strait of Hormuz with continued military presence in the region, the Trump administration resumed military operations, claiming that active hostilities were ongoing under unilateral executive authority.

18. On April 29, 2026, sixty calendar days elapsed from the initiation of hostilities on February 28, 2026. Congress did not declare war, enact statutory authorization, or extend the 60-day statutory window under 50 U.S.C. § 1544(b).

19. On June 3, 2026, the United States House of Representatives passed Concurrent Resolution 86 (H.Con.Res. 86) by a vote of 215–208 pursuant to Section 5(c) of the War Powers Resolution (50 U.S.C. § 1544(c)), directing the President to remove United States Armed Forces from unauthorized hostilities against Iran.

20. On June 23, 2026, the United States Senate passed H.Con.Res. 86 by a vote of 50–48. The bicameral passage of H.Con.Res. 86 marked the first time in United States history that both chambers of Congress successfully approved a concurrent War Powers resolution directing a President to remove armed forces from unauthorized foreign hostilities.

21. Defendant President Donald J. Trump and the White House effectively ignored the congressional directive, taking the position that the concurrent resolution was non-binding, symbolic, and carried no enforceable legal weight without a presidential signature.

22. Defendants President Donald J. Trump and Secretary of Defense Peter Brian Hegseth have continued offensive military operations, naval blockades, and deployment

operations against Iran through July, August, September, and October 2026, extending directly to the present date of filing, in complete defiance of constitutional mandates, 50 U.S.C. § 1544(b), and 50 U.S.C. § 1544(c).

23. Plaintiffs do not ask this Court to assess the prudence, military wisdom, strategic necessity, intelligence basis, targeting decisions, proportionality, or foreign-policy merits of military action against Iran. Plaintiffs seek solely a judicial determination whether Defendants possessed constitutional authority under Article I, Section 8, Clause 11 to initiate combat operations against Iran, or statutory authority under 50 U.S.C. §§ 1541–1548 to maintain offensive combat operations against Iran without congressional authorization or in defiance of H.Con.Res. 86.

## V. PLAINTIFFS' STANDING AND JUSTICIABILITY

### A. Article III Constitutional Standing: Deprivation of the Constitutional Conditions of Citizenship & Preserving the Tripartite System

24. Plaintiffs Michael Hart and Harrison F. Coerver, Jr. are United States citizens whose relationship with the sovereign state is defined and protected by the Constitution of the United States.

25. Under Article I, Section 8, Clause 11, the Constitution guarantees to Plaintiffs that state-sanctioned, lethal foreign warfare shall be initiated solely through representative authorization in Congress. This structural guarantee exists to protect individual citizens whose political community, lives, and collective future are committed when the nation engages in foreign war.

26. Defendants' unilateral initiation and ongoing prosecution of offensive military hostilities against Iran without congressional declaration or statutory authorization inflicts an

accomplished, immediate deprivation of this constitutional protection, subjecting Plaintiffs to national power stripped of its constitutionally prescribed prerequisite.

27. Furthermore, as sworn in their Declarations, Plaintiffs suffer concrete, ongoing personal injuries resulting directly from Defendants' unauthorized war across six distinct categories of lived personal harm: (1) personal indignity, outrage, and loss of civic trust arising from the Executive's breach of the Presidential Oath and constitutional contract, leaving them feeling small, cheated, and stripped of democratic consent; (2) severe moral guilt, grief, and helplessness over reported Iranian civilian deaths (exceeding 3,500 civilians killed and over 380 children) funded in part by Plaintiffs' tax dollars and executed without constitutional process; (3) deep personal anguish, grief, shame, and unprecedented lifetime pain over 21 American service member fatalities and over 860 wounded troops subjected to shrapnel, shattered faces, and traumatic brain injuries, causing Plaintiff Hart severe bodily anxiety, sleeplessness, and emotional distress so direct and significant as to require ongoing consultation and care from medical professionals and counselors; (4) moral disgrace and bodily outrage over $42+ billion in public funds diverted to unauthorized warfare while domestic healthcare, housing, and food assistance programs face severe cuts; (5) personal humiliation and embarrassment over a nation held captive to wage an illegal and immoral war, eroding long-standing international alliances and global moral standing; and (6) personal humiliation and relational friction in treasured friendships abroad due to being forced to wear the badge of unauthorized national actions that Plaintiffs actively oppose.

28. Denying standing under the misconception that such injury is merely a 'generalized grievance' improperly surrenders judicial oversight, grants unbridled deference to the Executive, and upends the delicate checks and balances of America's tripartite system of

government, shifting unchecked weight to the Executive Branch. Under *United States v. SCRAP*, 412 U.S. 669 (1973), a direct injury to Plaintiffs is not rendered non-cognizable simply because it is shared by many. Furthermore, denying citizen standing while restricting legislator standing under *Campbell v. Clinton*, 203 F.3d 19 (D.C. Cir. 2000), would create an unconstitutional judicial black hole, insulating total executive war-making from judicial review. Modern standing jurisprudence confirms that intangible, non-monetary harms qualify as concrete Article III injuries-in-fact (*Lujan v. Defenders of Wildlife*, 504 U.S. 555; *Summers v. Earth Island Inst.*, 555 U.S. 488; *Spokeo, Inc. v. Robins,* 578 U.S. 330).

29. Plaintiffs' injuries are directly traceable to President Trump's initiation, direction and continuation of the challenged military operations and Secretary Hegseth's implementation, supervision, and continuation of those operations. An injunction issued to Defendant Secretary Hegseth restraining the operational execution of deployment orders and fund disbursements would immediately halt active combat operations, stop further troop casualties, and reopen commercial sealanes, directly redressing Plaintiffs' ongoing injuries.

**B. Statutory Standing Under the Administrative Procedure Act (5 U.S.C. § 702)**

30. Defendant Secretary of Defense Peter Brian Hegseth is an officer of an executive agency who exercises operational control over the Department of Defense and the military chain of command pursuant to 10 U.S.C. § 162, directing the deployment of armed forces and the disbursement of public funds.

31. Defendant Secretary of Defense's ongoing execution of military orders and expenditure of public funds to maintain combat operations against Iran beyond the mandatory 60-day calendar limit of 50 U.S.C. § 1544(b) and in defiance of H.Con.Res. 86 (50 U.S.C. § 1544(c)) constitutes final agency action executed without statutory authority (ultra vires).

32. Plaintiffs are persons adversely affected and aggrieved by this unauthorized official agency action within the meaning of 5 U.S.C. § 702, and are entitled to judicial review and non-monetary injunctive relief to restrain ongoing ultra vires execution.

## VI. CAUSES OF ACTION

### COUNT I:

### Violation of Article I, Section 8, Clause 11
### (Usurpation of Exclusive Congressional War Declaration Power)

33. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

34. Article I, Section 8, Clause 11 vests in Congress the exclusive power to declare war.

35. Defendants' unilateral initiation and ongoing prosecution of offensive military hostilities against Iran without congressional declaration or statutory authorization usurps the exclusive constitutional authority of Congress, places executive action in Youngstown Category 3 (contrary to expressed congressional will), and violates Article I, Section 8, Clause 11.

### COUNT II:

### Violation of 50 U.S.C. § 1544(b)
### (Failure to Terminate Hostilities Past 60 Days)

36. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

37. Section 1544(b) of the War Powers Resolution mandates the termination of the use of U.S. Armed Forces in hostilities within sixty calendar days after a report is submitted or required to be submitted, absent a declaration of war, specific statutory authorization, or a statutory extension.

38. More than sixty calendar days have elapsed since hostilities were initiated against Iran on February 28, 2026, and reported on March 2, 2026. Defendants' continued prosecution of hostilities against Iran for more than 60 days without congressional authorization violates 50 U.S.C. § 1544(b).

**COUNT III:**

**Administrative Procedure Act Ultra Vires Action & Violation of 50 U.S.C. § 1544(c)**
**(5 U.S.C. §§ 702, 706 against Secretary of Defense Peter Brian Hegseth)**

39. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

40. Section 1544(c) provides for the removal of United States Armed Forces engaged in hostilities outside the territory of the United States upon congressional direction through a concurrent resolution.

41. Defendants' refusal to comply with House Concurrent Resolution 86 and Secretary Hegseth's execution of deployment orders and expenditure of public funds past 60 days and in defiance of H.Con.Res. 86 constitutes agency action in excess of statutory authority, actionable under 5 U.S.C. § 702 and *Chamber of Commerce v. Reich*, 74 F.3d 1322 (D.C. Cir. 1996).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants as follows:

A. Declare that Defendants' initiation and continued prosecution of offensive military operations against Iran without a declaration of war or specific statutory authorization violate Article I, Section 8, Clause 11 of the Constitution;

B. Declare that Defendants' continued use of United States Armed Forces in hostilities against Iran beyond sixty calendar days violates 50 U.S.C. § 1544(b);

C. Declare that Defendants' refusal to remove United States Armed Forces from hostilities pursuant to House Concurrent Resolution 86 violates 50 U.S.C. § 1544(c);

D. Issue preliminary and permanent injunctive relief restraining Defendant Secretary of Defense Peter Brian Hegseth, his officers, agents, servants, employees, and all persons acting in concert with him, from deploying armed forces or expending public funds on unauthorized hostilities against Iran;

E. Specify President Donald J. Trump, Secretary Peter Brian Hegseth, and their successors in office as the federal officers personally responsible for compliance with any mandatory or injunctive decree entered by this Court pursuant to 5 U.S.C. § 702;

F. Award Plaintiffs their costs of action to the extent permitted by law; and

G. Grant such other and further relief as this Court deems just and proper.

Dated: November 1, 2026.

Respectfully submitted,

/s/ Richard Frank Dawahare
Richard Frank Dawahare, Esq.
Kentucky Bar No. 17273
P.O. Box 910804
Lexington, Kentucky 40591-0804
(859) 608-0200
RichardDawahare@gmail.com

*Counsel for Plaintiffs Michael Hart and Harrison F. Coerver, Jr.*